IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| NICHOLAS TEMPLETON, | ) CASE NO. _____ <br> ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) PETITION <br> ) <br> CITY OF DES MOINES, IOWA, ) <br> MICHAEL FONG and JASON NOBLE, ) <br> in their Individual and Official Capacities, ) <br> ) <br> Defendants. ) |

**COMES NOW**, Plaintiff Nicholas Templeton, by counsel and for his cause of action against Defendants City of Des Moines, Iowa, Michael Fong and Jason Noble, in their individual and official capacities, states as follows:

## INTRODUCTION

1. This is an action brought to redress the deprivation-under color of policy, regulation, official decision, custom or usage-of rights secured to Plaintiff by 42 U.S.C. §1983 arising under the Fourth Amendment, incorporated to the states through the Fourteenth Amendment to the United States Constitution, and the Constitution of the State of Iowa, Article I, Section 8; and includes an Iowa common law claim of negligent supervision and retention.

## PARTIES

2. Plaintiff Nicholas Templeton ("Templeton') is a citizen and resident of West Des Moines, Polk County, Iowa.

3. Defendant City of Des Moines, Iowa is a municipal corporation located in the state of Iowa.

1

**EXHIBIT B**

4. On information and belief, Defendant Michael Fong ("Fong") is a citizen and resident of Polk County, Iowa.

5. On information and belief Defendant Jason Noble ("Noble") is a citizen and resident of Polk County, Iowa.

6. The acts of which Plaintiff complains occurred in Des Moines, Polk County, Iowa on May 15, 2019.

## FACTUAL BACKGROUND

7. At all times material hereto, Fong was employed by the City of Des Moines as a Sergeant on the Des Moines Police Department.

8. As part of his duties, Fong was assigned to and responsible for supervising and training other personnel and officers in de-escalation techniques.

9. At all times material hereto, Noble was employed by the City of Des Moines as a peace officer on the Des Moines Police Department.

10. Noble's duties as a peace officer include responding to emergency and non-emergency calls, patrolling assigned areas, and arresting suspects.

11. On May 15, 2019 Noble and Fong observed a black Jeep Cherokee stopped on the grass north of the roadway near the parking lot east of the Hoover Building.

12. Noble and Fong also observed multiple citizens near the Jeep Cherokee some of whom were banging on the driver side window.

13. Noble and Fong suspected that the driver of the Jeep Cherokee was either "impaired or possibly having a medical issue."

14. As Noble and Fong approached the Jeep Cherokee it had come to a complete stop

2

in the grass next to the roadway.

15. Due to an ongoing seizure, Templeton was not able to process orders and directions given to him and was not able to control his bodily movements.

16. Noble and Fong ordered Templeton to unlock the car doors. Templeton eventually did unlock the doors and slightly opened the driver's side door.

17. Fong yanked open the front passenger door of the jeep and pinned Templeton's shins to the passenger seat and crawled on top of Templeton and forcibly wedged himself between Templeton and the steering wheel.

18. After Fong and Noble removed Templeton from the jeep, he was violently thrust face down onto the cement.

19. While Templeton was face down on the concrete, he was "hog-tied" with his hands and feet cuffed behind him with the hand/feet held together with a black strap. The restraints were applied so tightly that they left abrasions on ankles through his work boots.

20. While in a prone "hog-tied" position, Noble and Fong were lying on top of him applying their body weight to Templeton's back and legs.

21. While in the prone "hog-tied" position, Templeton repeatedly told Noble and Fong that he couldn't breathe. Despite his pleas, neither Fong or Noble stopped applying their body pressure to Templeton or moved him from the prone hog-tied position.

22. Upon arrival, first-responders noted that Templeton was talking and still breathing, but soon thereafter the "color of his face became abnormal" and "looked purplish blue" and his respirations were sonorous.

23. The first-responders told Noble and Fong get off of Templeton and directed the officers to quickly remove the restraints so they could "position him appropriately on our cot in

an upright seated position."

24. After being placed in an upright position, Templeton's color improved and his respirations became adequate and no longer sonorous.

25. After being placed in the ambulance, Templeton regained consciousness and began speaking with the first-responders.

26. The first-responders noted that: "He [Templeton] was confused about the event. He did not know the day, but was aware of who and where he was."

27. The manner in which Fong and Noble restrained Templeton was life-threatening and more likely than not would have resulted in death but for the intervention of the first-responders.

28. Templeton was taken to Lutheran Hospital in leg shackles and handcuffs despite the fact that he was not displaying any aggressive or resistive behavior.

29. The physicians at Lutheran Hospital determined that Templeton's altered mental status was the result of a seizure.

30. Tests administered at Lutheran Hospital also concluded that Templeton was not under the influence of any prescription drugs or illegal substances at the time of the seizure.

31. At Lutheran Hospital, Fong unlawfully seized and searched Templeton's cell phone without his consent.

32. Templeton sustained multiple abrasions to his face and body as depicted in the attached photographs. (Attachment 1)

33. Templeton was initially charged with Possession of a Controlled Substance and Failure to Maintain Control. Both charges were dismissed with prejudice.

## COUNT I

## USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION and ARTICLE I, SECTION 8 OF THE IOWA CONSTITUTION

34. Plaintiff incorporates paragraphs 1 through 33 above as if fully set forth herein.

35. Defendants Noble and Fong's use of excessive force was in violation of both the Constitutions of the United States, Fourth Amendment, and the State of Iowa, Article I, Section 8. Defendants arrested Templeton in an unreasonable, unnecessary and/or reckless manner and unlawfully seized and searched his cell phone.

36. Defendants violated Templeton's right to be free from the use of excessive force in being placed under arrest, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983, and Article I, Section Eight of the Iowa Constitution.

37. Defendant Fong violated Templeton's right to be free from unreasonable search and seizure when he unlawfully seized and searched his cell phone without consent or exigent circumstances thereby violating his rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983, and Article I, Section Eight of the Iowa Constitution.

38. Defendant City of Des Moines established a policy, regulation, official decision, custom, or usage and/or ratified such conduct after the fact, with reckless or deliberate indifference to the rights of persons in the position of Templeton.

39. Defendant City of Des Moines has established, maintained, enforced, and/or ratified policies, regulations, official decisions, customs, or usages which unconstitutionally deprive citizens of the right to be free from the use of excessive force while being detained by

the State as guaranteed by the Fourth Amendment to the United States Constitution, and Article I, Section 8, of the Iowa Constitution.

40. On information and belief, Defendant City of Des Moines did not criminally prosecute or discipline Defendants Noble or Fong for their actions and conduct with respect to the arrest of Templeton.

41. Defendant City of Des Moines had direct knowledge of Fong's history of using excessive and unnecessary force in effectuating arrests.

42. On information and belief, Fong was suspended in 2007 for five days after striking a handcuffed suspect.

43. In 2013, Fong and Sergeant Greg Wessels pepper sprayed and savagely beat Dustin Burnikel by punching and kneeing his abdomen, testicles, nose, sides, back and knees. The City of Des Moines eventually paid Burnikel an $800,000 settlement as a result of the conduct of Wessels and Fong.

44. Despite these two prior serious incidents, Defendant Fong was promoted to Sergeant in 2019.

45. In 2020, despite these two prior incidents, Fong was assigned by the City of Des Moines to teach de-escalation training for the Des Moines Police Department.

46. On July 16, 2019, the Polk County Attorney's Office in conjunction with the criminal prosecution of Templeton filed an Additional Minutes of Testimony stating the following: "The Polk County Attorney's Office has become aware of information which may be of an exculpatory or impeaching nature. The information may call into question the credibility of Des Moines Police Officer Michael Fong. Particularly, the information involves internal Des Moines Police Department discipline of Officer Fong with respect to truthfulness." (Attachment

2)

47. Defendant City of Des Moines has after the fact ratified, approved and accepted the conduct of Defendant Fong in this matter as being in accord with its applicable policy, regulation, official decision, custom or usage.

48. Defendant City of Des Moines has established, maintained, enforced, and/or ratified policies, regulations, official decisions, customs, or usages which unconstitutionally deprive citizens of the right to be free from the use of excessive force while being detained as guaranteed by the Fourth Amendment to the United States Constitution, and Article I, Section 8, of the Iowa Constitution.

49. Defendant City of Des Moines through its policymakers and managers had actual or constructive knowledge of the use of excessive force by its employees and/or ratified such conduct after the fact.

50. Templeton was subjected to this official policy, regulation, official decision, custom, usage, and/or after-the-fact ratification when he subjected to excessive and unreasonable force when arrested by Defendants Fong and Noble.

51. Defendants deprived Plaintiff of the rights guaranteed them under the Fourth Amendment to the United States Constitution, and Section I, Article 8, of the Iowa Constitution, in violation of 42 U.S.C. § 1983 and the Iowa Supreme Court *Godfrey* case, by arresting Templeton with excessive force, hog-tying him, and restricting his ability to breathe.

52. Plaintiff has been damaged as a direct and proximate result of Defendants' acts and omissions as set out in this Petition.

53. Defendant Fong and Defendant Noble acted in a reckless and/or malicious manner subjecting them to punitive damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants, the City of Des Moines and Michael Fong and J. Noble, individually and in their official capacities, in an amount which will fully and fairly compensate them for their injuries and damages; for attorneys' fees, interest and costs as allowed by law; for punitive damages against Defendants Fong and Noble; for appropriate equitable relief, and for such other and further relief as may be just in the premises.

## COUNT II

### NEGLIGENT SUPERVISION AND RETENTION-CITY OF DES MOINES

54. Plaintiffs replead and reallege paragraphs 1 through 53 of this Petition as if fully set forth herein.

55. At all times material hereto, Defendants Fong and Noble were agents, servants, employees or contractors of Defendant City of Des Moines.

56. Defendant City of Des Moines had a duty to protect Templeton from the harmful actions of its employees, agents, servants or contractors who they contracted with or employed.

57. Defendant City of Des Moines beached that duty by failing to incorporate reasonable measures of supervision to ensure that Fong and Noble were performing and executing their duties as a peace officers in a safe and lawful manner.

58. Defendant City of Des Moines breached that duty by not having in place reasonable policies and procedures regarding the use of force necessary to effectuate an arrest, and/or failing to properly train and/or supervise Fong and Noble regarding the appropriate use of force; and/or by after the fact ratifying the wrongful conduct.

59. Defendant City of Des Moines knew, or in the exercise of ordinary care should have known, of Defendant Fong's unfitness as a peace officer on or before May 15, 2019 when

excessive and unreasonable force was used to arrest Templeton.

60. Defendant City of Des Moines was negligent in continuing to place Fong into a position where he was at risk of harming citizens.

61. Defendant City of Des Moines is responsible for the conduct of Fong and Noble under *respondeat superior* and Iowa Code chapter 670.

62. At all times relevant hereto, Fong and Noble acted as agents of Defendant City of Des Moines and within the scope of their employment and authority as peace officers.

63. In the alternative, should Defendants claim immunity and/or qualified immunity for acts within the scope of Fong and Noble's authority, then Templeton pleads that Fong and Noble acted outside the scope of that authority.

64. As a direct and proximate result of Defendant City of Des Moines' acts aforementioned, the Plaintiff suffered injuries and damages.

**WHEREFORE,** Plaintiff Nicholas Templeton demands judgment against Defendant City of Des Moines in an amount that will fully and fairly compensate him for his injuries and damages, court costs, interest as allowed by law, and for such other appropriate relief as the Court finds just and equitable.

/s/ THOMAS J. DUFF
THOMAS J. DUFF
/s/ JIM DUFF
JIM T. DUFF
DUFF LAW FIRM, PLC
The Galleria
4090 Westown Pkwy, Suite 102
West Des Moines, Iowa 50266
Telephone: (515) 224-4999
Fax: (515) 327-5401
Email : jim@tdufflaw.com
tom@tdufflaw.com
wendy@tdufflaw.com

/s/BEN LYNCH
Ben Lynch, Attorney
Ben Lynch Law
8550 Hickman Road
Clive, Iowa  50235
Phone: 515-276-3921
Email: ben@benlynchlaw.com

ATTORNEYS FOR PLAINTIFFS

Original electronically filed.



ATTACHMENT 1

E-FILED  2021 MAY 14 3:15 PM POLK - CLERK OF DISTRICT COURT



ATTACHMENT 1

E-FILED  2021 MAY 14 3:15 PM POLK - CLERK OF DISTRICT COURT



ATTACHMENT 1



ATTACHMENT 1

E-FILED  2021 MAY 14 3:15 PM POLK - CLERK OF DISTRICT COURT



ATTACHMENT 1



ATTACHMENT 1

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| STATE OF IOWA,<br>Plaintiff,<br><br>vs.<br><br>NICHOLAS BENJAMIN TEMPLETON,<br>Defendant. | CRIMINAL NO. FECR328315<br><br>ADDITIONAL MINUTES<br>OF TESTIMONY |

COMES NOW the State of Iowa and states as follows:

The Polk County Attorney's Office has become aware of information which may be of an exculpatory or impeaching nature. The information may call into question the credibility of Des Moines Police Officer Michael Fong. Particularly, the information involves internal Des Moines Police Department discipline of Officer Fong with respect to his truthfulness.

The Polk County Attorney's Office does not represent that this information has any relevance, materiality or admissibility in the particular matter with which you are involved, but by this pleading gives you notice that you should take whatever steps you deem appropriate to protect your interest or that of any client(s).

Respectfully submitted,

*/s/ Jeremiah Geffe*
JEREMIAH GEFFE
Polk County Attorney's Office
222 Fifth Avenue
Des Moines, IA 50309
(515) 286-3737
Jeremiah.Geffe@polkcountyiowa.gov