IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| NICHOLAS TEMPLETON,<br><br>  Plaintiff,<br>v.<br><br>CITY OF DES MOINES, IOWA; MICHAEL FONG and JASON NOBLE, in their individual and official capacities,<br><br>  Defendants. | Case No. 4:21-cv-188<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CITY OF DES MOINES, MICHAEL FONG and JASON NOBLE** |

COME NOW the Defendants City of Des Moines, Iowa, Michael Fong and Jason Noble and state in response to the Plaintiff's Petition:

INTRODUCTION

1. Defendants can neither admit nor deny.

PARTIES

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

FACTUAL BACKGROUND

7. Admitted.

8. Admitted.

9. Admitted.

1

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied, the car was on and appeared to be engaged in "drive".

15. Defendants can neither admit nor deny for lack of complete information.

16. Denied.

17. Admitted, however, defendants state that this occurred after Mr. Templeton kicked officer Fong. Officer Fong was also trying to prevent the car from being driven as it was on and appeared engaged in gear.

18. Admitted that Mr. Templeton was taken to the ground but denied that he was violently thrust into the cement.

19. Admitted that this occurred after several other officers arrived to necessarily restrain the Plaintiff.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendants can neither admit nor deny for lack of complete information.

26. Defendants can neither admit nor deny for lack of complete information.

27. Denied.

28. Admitted.

29. Admitted.

30. Defendants can neither admit nor deny for lack of complete information.

31. Denied, the Plaintiff provided express consent to Officer Fong including the Plaintiff voluntarily providing the passcode to his phone to officer Fong.

32. Defendants can neither admit nor deny for lack of complete information.

33. Admitted.

## COUNT I

### (Assertion of Excessive Force)

34. Defendants can neither admit nor deny for lack of complete information.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Admitted.

41. Denied.

42. Admitted, but irrelevant as excessive force was not used in this matter.

43. Defendants deny this paragraph as argumentative but admit that a settlement was reached in the referenced matter which is irrelevant in this case as no excessive force was used toward the Plaintiff.

44. Denied as argumentative, but admitted that Officer Fong was promoted to Sergeant in 2019.

45. Admitted based upon the totality of Officer Fong's service and qualifications.

46. Admitted, but irrelevant..

47. Denied

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

WHEREFORE, Defendants request the Court enter judgment for Defendants on this Count and dismiss this claim with costs entered against Plaintiff.

## COUNT II

(Negligent Supervision and Retention)

54. Defendants can neither admit nor deny this paragraph.

55. Admitted.

56. Admitted.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Admitted insofar as the claim applied to Iowa Code §670.

62. Admitted.

63. Defendants can neither admit nor deny for lack of complete information.

64. Denied.

WHEREFORE, Defendants request the Court enter judgment for Defendants on this Count and dismiss this claim with costs entered against Plaintiffs.

## AFFIRMATIVE DEFENSES

COME NOW Defendants and for his affirmative defenses, set forth the following:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Defendant City of Des Moines is not liable in *respondeat superior* regarding claims under the Federal Constitution.

3. Defendant City of Des Moines cannot be found liable for punitive damages.

4. The Defendants are immune pursuant to Iowa Code Chapter 670.

5. The Defendants possess qualified immunity under the Federal Constitution as they did not violate a well-established constitutional right and their actions were reasonable from their perspective at the time and/or in good faith.

6. Plaintiff assumed a risk by his conduct at the time of the incident.

7. The Defendant Officer's actions were proper under the law.

8. Defendants acted with necessity for the prevention of destruction of property.

9. The Defendants reserve the right to supplement its affirmative defenses as discovery continues in this case.

/s/*John O. Haraldson.*
JOHN O. HARALDSON AT0003231
Assistant City Attorney
400 Robert D. Ray Drive
Des Moines, IA  50309-1891
E-Mail:  joharaldson@dmgov.org
(515) 283-4072- telephone
(515) 237-1748 – facsimile

ATTORNEY FOR DEFENDANTS CITY OF DES MOINES, IOWA; MICHAEL FONG, And JASON NOBLE

Copy to:

Jim T. Duff
Thomas J. Duff
DUFF LAW FIRM, PLC
The Galleria
4090 Westown Pkwy, Suite 102
West Des Moines, Iowa 50266
jim@tdufflaw.com; tom@tdufflaw.com

Ben Lynch
Ben Lynch Law
8550 Hickman Road
Clive, Iowa 50325
email: ben@benlynchlaw.com

| **CERTIFICATE OF SERVICE** |
|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above-entitled cause by transmittal to each of the attorneys of record at their respective email addresses disclosed on the pleadings of record on the 25TH day of June 2021. |
| By: ☐ U.S. Mail   ☐ Fax  ☐ Hand-Delivered   ☒ E-Mail |
| Signature: */s/ John O. Haraldson* |